**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Lvliang Lishi Linglong Electronic Trade Co. Ltd. et al, <br><br>            Plaintiffs, <br><br> v. <br><br> Junpeng Wu, <br><br>            Defendant | Case No.    25-cv-3453 |

**COMPLAINT**

The Plaintiff Parties identified in Paragraph 13 herein, by and through their attorneys, ARONBERG GOLDGEHN DAVIS & GARMISA, hereby bring the present action against Junpeng Wu and state as follows.

## I.      JURISDICTION AND VENUE

1.      The Plaintiff Parties bring this action under Title 35 of the United States Code, and under 28 U.S.C. §§2201 and 2202, to obtain a declaratory judgement of non-infringement with respect to U.S. Patent No. 11,925,592 (the " '592 patent")(Exhibit 1), under 35 U.S.C. § 101 *et seq*.

2.      Exhibit 1 is a true and correct copy of the '592 patent.

3.      Exhibit 2 is a true and correct copy of the file history of the '592 patent.

4.      This Court has original subject matter jurisdiction over the patent-related claim pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

5.      Defendant is an individual.

6.      On information and belief, Defendant is a foreign national.

7.      On information and belief, Defendant is a citizen of China.

8.      On information and belief, Defendant maintains an address of Room 207, 2nd Floor, Liangji Building, Donghuan 1st Road, Fukang Community, Longhua Street, Longhua District, Shenzhen, China.

9.      Defendant has interfered with Plaintiff Parties' customers in Illinois by causing the shutdown of Plaintiff Parties' e-commerce stores catering to Illinois residents and preventing Plaintiff Parties from selling products to their Illinois customers in Illinois.

10.      Defendant is alternatively subject to the personal jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(2) because the Plaintiff Parties' declaratory judgment claim arises out of federal law, to the extent that Defendant is no subject to jurisdiction in this state, Defendant is not subject to any state's court of general jurisdiction, and exercising jurisdiction over Defendant—a party that has voluntarily availed itself of the benefits of U.S. patent laws and wrongfully exercised those patent rights to Plaintiff Parties' detriment in Illinois—is consistent with the Unites States Constitution and laws.

11.      Venue is proper in this Court pursuant to at least 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this forum.

12.      Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) as the Defendant is subject to this court's personal jurisdiction.

## II. THE PARTIES

13.     The Plaintiff Parties are a group of the following Chinese companies that sell products in the U.S., particularly through Amazon.com.[1]

    a.    Plaintiff Name: Lvliang Lishi Linglong Electronic Trade Co. Ltd.

        i.    Address: China, 033000, shanxisheng, lvliangshi, tianjiahuicunbentian4Sdianduimian, lishiqutianjiahuijiedao

        ii.    Amazon Store Name: detailed and fine

        iii.    Amazon Store ID: A31HEHE71RRJ7Q

        iv.    Brand Name: Jodiyece

        v.    Name of Product at Issue for Plaintiff: Maiden

        vi.    Amazon ASIN at Issue for Plaintiff: B0DHZYS3PP

        vii.    Amazon Complaint ID filed by Defendant: 17072486971

        viii.    Date of filing of Amazon Complaint by Defendant: 2/20/2025

    b.    Plaintiff Name: Lvliangshengmeijiawangluoshangmaoyouxiangongsi

        i.    Address: China, 033000, shanxisheng, lvliangshi, lishiqutianjiahuijiedaoshuzijingjichanyeyuan, zhihuichengshiyunyingzhongxinsicengCqu003hao

        ii.    Amazon Store Name: lvliangshengmeijia

        iii.    Amazon Store ID: AGVDPGWTSOOSU

        iv.    Brand Name: Cafatop

        v.    Name of Product at Issue for Plaintiff: GAME

---

[1] Collectively, the Plaintiffs identified in this paragraph are referred to herein as "Plaintiff Parties", "Plaintiffs", or alternatively "CEJ" (the acronym of the three brands Cafatop, EINSEO, and Jodiyece, utilized by the Plaintiffs).

      vi.        Amazon ASIN at Issue for Plaintiff: B0D6BCLFWG

      vii.      Amazon Complaint ID filed by Defendant: 17374147401

      viii.     Date of filing of Amazon Complaint by Defendant: 3/11/2025

c.     Plaintiff Name: dongguanshiqiuzhiyuanmaoyiyouxiangongsi

      i.        Address: China, 523478, guangdongsheng, dongguanshi, henglizhen, henglifuminlu2hao2haolou201shi

      ii.      Amazon Store Name: shiqiuyanstore

      iii.     Amazon Store ID: AYBZ6JHEL1847

      iv.     Brand Name: Cafatop

      v.      Name of Product at Issue for Plaintiff: GAME

      vi.      Amazon ASIN at Issue for Plaintiff: B0D6BCLFWG

      vii.     Amazon Complaint ID filed by Defendant: 17374147401

      viii.    Date of filing of Amazon Complaint by Defendant: 3/11/2025

d.     Plaintiff Name: YiWuShiDanXunDianZiShangWuYouXianGongSi

      i.        Address: China, 321000, zhejiangsheng, jinhuashi, yiwushichouchengjiedaocilinxiaoqu20chuang2danyuan202

      ii.      Amazon Store Name: DANxun

      iii.     Amazon Store ID: A2POPK9C7MI45D

      iv.     Brand Name: Cafatop

      v.      Name of Product at Issue for Plaintiff: GAME

      vi.      Amazon ASIN at Issue for Plaintiff: B0D6BCLFWG

      vii.     Amazon Complaint ID filed by Defendant: 17374147401

      viii.    Date of filing of Amazon Complaint by Defendant: 3/11/2025

    e.      Plaintiff Name: chongqinglanhehaodianzishangwuyouxiangongsi

        i.      Address:    China,    400050,    chongqingshi,    jiulongpoqu, shixinlu156hao, 2chuangfu1zhi2cengA2-C-67

        ii.      Amazon Store Name: Blue Woahoo

        iii.      Amazon Store ID: A14UM0U838O22C

        iv.      Brand Name: EINSEO

        v.      Name of Product at Issue for Plaintiff: Martino

        vi.      Amazon ASIN at Issue for Plaintiff: B0DP9LZT22

        vii.      Amazon Complaint ID filed by Defendant: 17374147401

        viii.      Date of filing of Amazon Complaint by Defendant: 3/11/2025

    f.      Plaintiff Name: hubeijinchangmaoyiyouxiangongsi

        i.      Address:    China,    432009,    hubeisheng,    xiaoganshi, gaoxinjishukaifaqu, wanliuhui2qi12dongyidanyuan205-2shi

        ii.      Amazon Store Name: Jun&amp;jie

        iii.      Amazon Store ID: AU5VY457FX5CK

        iv.      Brand Name: EINSEO

        v.      Name of Product at Issue for Plaintiff: Martino

        vi.      Amazon ASIN at Issue for Plaintiff: B0DP9LZT22

        vii.      Amazon Complaint ID filed by Defendant: 17374147401

        viii.      Date of filing of Amazon Complaint by Defendant: 3/11/2025

    g.      Plaintiff Name: dongguanshixueyaodianzikejiyouxiangongsi

        i.      Address:    China,    523000,    guangdongsheng,    dongguanshi, henglizhen, cunweishichangerjie31hao302fang

        ii.        Amazon Store Name: XUEYAOKEJI

        iii.        Amazon Store ID: A2WBBES5UKPYM5

        iv.        Brand Name: EINSEO

        v.        Name of Product at Issue for Plaintiff: Martino

        vi.        Amazon ASIN at Issue for Plaintiff: B0DP9LZT22

        vii.        Amazon Complaint ID filed by Defendant: 17374147401

        viii.        Date of filing of Amazon Complaint by Defendant: 3/11/2025

h.      Plaintiff Name: shenzhenshiyushanmaoyiyouxiangongsi

        i.        Address: China, 518046, guangdongsheng, shenzhenshi, fuanshequmintianlu178haohuarongdasha725D45, futianqufutianjiedao

        ii.        Amazon Store Name: Qingshan&amp;D

        iii.        Amazon Store ID: A3G8YW7LK2QK1R

        iv.        Brand Name: EINSEO

        v.        Name of Product at Issue for Plaintiff: Martino

        vi.        Amazon ASIN at Issue for Plaintiff: B0DP9LZT22

        vii.        Amazon Complaint ID filed by Defendant: 17374147401

        viii.        Date of filing of Amazon Complaint by Defendant: 3/11/2025

i.      Plaintiff Name: LvliangCity, Lishiqu, Jichengkuajin e-commerce Co.

        i.        Address: China, 033000, Shanxi, lvliangshi, lishiqulianhuachijiedaobinhenanxiluxiushuiyuanyidanyuan101shi

        ii.        Amazon Store Name: Jichengkuajin

        iii.        Amazon Store ID: A3PAXQR683WLVP

    iv.      Brand Name: Jodiyece

    v.      Name of Product at Issue for Plaintiff: Maiden

    vi.      Amazon ASIN at Issue for Plaintiff: B0DHZYS3PP

    vii.      Amazon Complaint ID filed by Defendant: 17072486971

    viii.      Date of filing of Amazon Complaint by Defendant: 2/20/2025

j.      Plaintiff Name: lvliangshilishiqufurongshangmaoyouxiangongsi

    i.      Address: China, 033000, shanxisheng, lvliangshi, lishiqufengshanjiedao, changzhilu148hao

    ii.      Amazon Store Name: Hibiscus-Z

    iii.      Amazon Store ID: A1V8XVEC3WD60I

    iv.      Brand Name: Jodiyece

    v.      Name of Product at Issue for Plaintiff: Maiden

    vi.      Amazon ASIN at Issue for Plaintiff: B0DHZYS3PP

    vii.      Amazon Complaint ID filed by Defendant: 17072486971

    viii.      Date of filing of Amazon Complaint by Defendant: 2/20/2025

14.    Defendant, Junpeng Wu ("Wu" or "Defendant"), is an individual.

15.    On information and belief, Defendant is a foreign national.

16.    On information and belief, Defendant is a citizen of China.

17.    On information and belief, Defendant maintains an address of Room 207, 2nd Floor, Liangji Building, Donghuan 1st Road, Fukang Community, Longhua Street, Longhua District, Shenzhen, Chian.

18.     On information and belief the address of Room 207, 2nd Floor, Liangji Building, Donghuan 1st Road, Fukang Community, Longhua Street, Longhua District, Shenzhen, China, is not a personal residence.

19.     On information and belief, Defendant does not routinely or consistently visit the address of Room 207, 2nd Floor, Liangji Building, Donghuan 1st Road, Fukang Community, Longhua Street, Longhua District, Shenzhen, China.

20.     Defendant is a named inventor of the '592 patent.

21.     Tengui Huang and Zhixu Yang are identified as the other two joint inventors of the '592 patent

22.     Defendant is the owner by assignment of the '592 patent.

23.     Exhibit 3, is a true and correct copy of the assignment of the '592 ("the Assignment") patent from Tengui Huang and Zhixu Yang to Wu.

24.     The Assignment was recorded with the USPTO at Reel/Frame 063782/0437.

25.     The '592 patent matured from US Patent Application No. 18/202,966 filed on May 29, 2023.

26.     The '592 patent is a continuation-in-part of US Patent Application No. 18/119,859.

27.     US Patent Application No. 18/119,859 matured into US Patent No. 11,730,665 ("the '665 patent").

28.     Exhibit 4 is a true and correct copy of the '665 patent.

29.     Exhibit 5 is a true and correct copy of the file history of the '665 patent.

30.     The '592 patent incorporates the '665 patent by reference.

### III.     FACTS PERTAINING TO ALL CLAIMS

31.     The adult entertainment, sexual aids, and associated product industry is enormous.

32.     According to recent market research, the sex toy market is expected to reach over $62 billion by 2023.  Exhibit 6.

33.     CEJ are in the business of selling sexual aids for adults.

34.     While there are a wide variety of such aids, the present suit deals with three particular products: GAME; Martino; and Maiden ("the Products").

35.      The Products are designed for male stimulation.

36.     Each of the Products was popular on Amazon, and CEJ enjoyed success in advertising and selling the Products throughout the United States and to customers in Illinois.

37.     Amazon is the primary sales channel for each Plaintiff's Products.

38.     To be competitive in the market for stimulation devices, it is critical that Plaintiffs have access to the US market through Amazon.com.

39.     However, Plaintiffs' access to Amazon.com stopped between February 20, 2025 and March 11, 2025 when Amazon removed the listings of Plaintiffs' Products from Amazon in response to complaints filed by the Defendant alleging that the Products infringed the '592 patent.

40.     Defendant's Amazon complaints resulted in the Products being removed from Amazon.

41.     The following is a partial reproduction of the Amazon Notice received on February 20, 2025 notifying the takedown the Maiden Product:

Hello,

We removed the listings below.

ASIN: B0DHZYS3PP
Infringement type: Patent
IP asserted: US11925592B1
Complaint ID: 17072486971
Rights owner name: amortoy
Rights owner email: yanggouyangmao@163.com

Why did this happen?
We removed some of your listings because we received a report from a rights owner alleging they may infringe upon their patent. This is against Amazon policies. Sellers on Amazon must comply with Amazon listing policies and are not allowed to sell products violating Amazon policies (https://sellercentral.amazon.com/gp/help/external/201361070).

42.     The following is a partial reproduction of the Amazon Notice received on March 11, 2025 notifying the takedown the Martino Product:

Hello,

We removed the listings below.

ASIN: B0DP9LZT22
Infringement type: Patent
IP asserted: US11925592B1
Complaint ID: 17374147401
Rights owner name: amortoy
Rights owner email: yanggouyangmao@163.com

Why did this happen?
We removed some of your listings because we received a report from a rights owner alleging they may infringe upon their patent. This is against Amazon policies. Sellers on Amazon must comply with Amazon listing policies and are not allowed to sell products violating Amazon policies (https://sellercentral.amazon.com/gp/help/external/201361070).

43.     The following is a partial reproduction of the Amazon Notice received on March 11, 2025 notifying the takedown the GAME Product:

10

Hello,

We removed the listings below.

ASIN: B0D6BCLFWG
Infringement type: Patent
IP asserted: US11925592B1
Complaint ID: 17374147401
Rights owner name: amortoy
Rights owner email: yanggouyangmao@163.com

Why did this happen?
We removed some of your listings because we received a report from
a rights owner alleging they may infringe upon their patent. This is
against Amazon policies. Sellers on Amazon must comply with
Amazon listing policies and are not allowed to sell products violating
Amazon policies
(https://sellercentral.amazon.com/gp/help/external/201361070).

44.     All takedowns were submitted under the name "amortoy" utilizing the email yanggouyangmao@163.com.

45.     On information and belief, "amortoy" and yanggouyangmao@163.com are an alias and email used by Defendant or Defendant's agent.

46.     The only reliable means of communicating with Defendant is through use of the email address yanggouyangmao@163.com.

47.     Due to Defendant's intentional interference with Plaintiffs, an actual case or controversy exists as between Plaintiffs and Defendant.

48.     The removal of the Products at issue has caused considerable damage in the form of lost sales to CEJ and such damage compounds daily.

**COUNT I**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**
**U.S. Patent No. 11,925,592**

49.     CEJ incorporate all of the foregoing paragraphs herein.

50.     The '592 patent is directed to a "Penis Massager".

11

51.     It includes a housing, a sleeve mounted in the housing, and a driving device, that causes the sleeve to move, such as by vibrating, rotating, or reciprocating and the like. Ex. 1, 3:14-16.[2]

52.     The '592 patent further includes a description of handles for grasping the device. Ex. 1, 3:29-30; Figs. 2, 7-17.

53.     The disclosure relating to the handles was not included in the embodiments of the parent '662 patent, but was instead added as in the continuation-in-part application of the '592 patent.

54.     Preferably, the handles are provided with buttons for controlling operation of the driving device, i.e., controlling operation of the sleeve. Ex. 1, 3:55-60.

55.     The buttons may be provided on any one of the handles, or may be provided on both of the handles. Ex. 1, 3:55-60.

56.     During use, the user may press the buttons on the handles to control operation of the drive device.  Ex. 1, 4:54-56.

57.     The specification describes multiple different embodiments of the formation of the handles.

58.     With reference to Figures 3-4, the specification states that the handles are formed separately and then fixedly assembled to the housing. Ex. 1 4:16-17.

59.     In other embodiments, the handles may be integrally formed with the housing as one piece. Ex. 1, 4:17-19.

60.     With reference to Figures 7-16, there is depicted an embodiment where the handles are rotatably connected to the housing.  Ex. 1, 5:49-52.

---

[2] References to the Column and line numbers of the patent are in the form Column:line-line.

61.     According to the specification, when handles are rotatably connected, the inclination angle α of the central axis of the handle relative to that of the housing can be adjusted according to need. Ex. 1, 5:49-52

62.     Rotatably connected handles can also be rotated to a folded state.

63.     The specification that the rotatably connected handles are attached to the housing, such that they are able to rotate through their full range of motion without becoming detached from the housing. Ex. 1 5:63-6:26.

64.     With respect to the embodiment of Figure 17, the specification states that the handles may be fixed to the housing, rotatably connected to the housing, or slidably connected to the housing. Ex. 1, 6:38-40.

65.     Unlike the "fixed" and "rotatably connected" which are each explained in the specification, the specification of the '592 patent does not discuss or explain what is meant by "slidably connected."

66.     However, the '662 patent explains that "slidably connected" members are such that the "slidably connected" element moves in a sliding manner with respect to the components it is connected to in normal operation but without becoming detached. Ex. 4, 8:19-36.

67.     The '592 patent includes 17 claims.

68.     Claims 1, 14, and 15 are independent claims.

69.     To infringe a patent, an accused product must meet each and every limitation of a claim either literally or under the doctrine of equivalents.

70.     If the accused product does not meet each and every limitation of a claim either literally or under the doctrine of equivalents it cannot infringe the claim.

71.     If a product does not infringe an independent claim, that product cannot infringe a

claim that is dependent on the independent claim that is not infringed.

72.     Claim 1 of the '592 patent states:

> 1. A penis massager, comprising:
> a housing defining a space therein;
> a sleeve provided in the space of the housing and defining an interior
> volume for accommodating a penis therein;
> a driving device for driving the sleeve to generate motion relative to the
> housing; and
> at least two handles extending outwardly from an outer circumferential
> face of the housing for holding of the penis massager, wherein each of
> the at least two handles comprises a first end and a second end, the first
> end of each of the at least two handles is connected to an end of the
> housing away from an open end of the sleeve, and the second end of
> each of the at least two handles extends away from the housing; and
> **at least one button being provided on the first end of at least one of the
> at least two handles**.

73.     As discussed above, the specification makes clear that a "button" allows the user to

control the massager.

74.     The GAME Product is shown below:



75.     The handle of the GAME is made entirely of plastic.

76.     The handle of the GAME does not include any electronic components or connections.

77.     The handle of the GAME has no moveable parts.

78.     The handle of the GAME includes decorative molded bumps, shown below:



79.    The handle of the GAME cannot control the operation of any mechanical, electrical, or electromechanical component of the GAME product.

80.    The handle of the GAME does not include any buttons.

81.    The GAME product cannot meet each and every limitation of claim 1 of the '592 patent at least because the GAME product does not include "at least one button being provided on the first end of at least one of the at least two handles" either literally or under the doctrine of equivalents.

82.    The GAME product cannot meet each and every limitation of any of claims 2-13, each of which depend, either directly or indirectly, on claim 1.

83.    The Maiden Product is shown below:



84.    The handle of the Maiden is made entirely of plastic.

85.    The handle of the Maiden does not include any electronic components or connections.

86.     With the exception of the plastic hook-and-loop strap, the handle of the Maiden has no moveable parts.

87.     The handle of the Maiden includes decorative molded ridges, shown below:



88.     The handle of the Maiden cannot control the operation of any mechanical, electrical, or electromechanical component of the Maiden product.

89.     The handle of the Maiden does not include any buttons.

90.     The Maiden product cannot meet each and every limitation of claim 1 of the '592 patent at least because the Maiden product does not include "at least one button being provided on the first end of at least one of the at least two handles" either literally or under the doctrine of equivalents.

91.     The Maiden product cannot meet each and every limitation of any of claims 2-13, each of which depend, either directly or indirectly, on claim 1.

92.     The Martino Product is shown below:



93.     The handle of the Martino is made entirely of plastic.

94.     The handle of the Martino does not include any electronic components or connections.

95.     With the exception of the plastic hook-and-loop strap, the handle of the Martino has no moveable parts.

96.     The handle of the Martino includes decorative molded ridges, shown below:



97.     The handle of the Martino cannot control the operation of any mechanical, electrical, or electromechanical component of the Martino product.

98.     The handle of the Martino does not include any buttons.

99.     The Martino product cannot meet each and every limitation of claim 1 of the '592 patent at least because the Maiden product does not include "at least one button being provided on the first end of at least one of the at least two handles" either literally or under the doctrine of equivalents.

100.    The Martino product cannot meet each and every limitation of any of claims 2-13, each of which depend, either directly or indirectly, on claim 1.

101.    Claim 14 of the '592 patent states:

> 14. A penis massager, comprising:
> a housing defining a space therein;
> a sleeve provided in the space of the housing and defining an interior
> volume for accommodating a penis therein;
> a driving device for driving the sleeve to generate motion relative to the
> housing; and
> at least two handles extending outwardly from an outer face of the
> housing for holding of the penis massager;

**wherein the at least two handles are slidably connected to the housing**.

102.    When the handles of the GAME product are connected to the housing, the handles are fixedly connected.

103.    The handle of the GAME includes two detents on either side of an inner ring, and the housing of the GAME includes two protrusions on either side of the housing:



104.    When connected, the detents fixedly engage the protrusions and thus preclude movement of the handle during the operation of the GAME product.

105.    When the detent and protrusions are not engaged, the handle is separate from the housing.

106.    The handle of the GAME product is not "slidably connected" to the housing of the GAME.

107.    The GAME product cannot meet each and every limitation of claim 14 of the '592 patent at least because the GAME product does not include "wherein the at least two handles are slidably connected to the housing" either literally or under the doctrine of equivalents.

108.    When the handles of the Maiden product are connected to the housing, the handles are fixedly connected.

109.    The handles of the Maiden include a plastic hook-and-loop strap:

20



110. The strap is pulled tight to frictionally engage the handles with the exterior of the housing.

111. When frictionally engaged, the handles are maintained in a fixed relationship to the housing.

112. When the strap is released, the handles are separated from the housing.

113. When the strap is engaged, the handles are fixed and thus preclude movement of the handles during the operation of the Maiden product.

114. The handle of the Maiden product is not "slidably connected" to the housing of the Maiden.

115. The Maiden product cannot meet each and every limitation of claim 14 of the '592 patent at least because the Maiden product does not include "wherein the at least two handles are slidably connected to the housing" either literally or under the doctrine of equivalents.

116.    When the handles of the Martino product are connected to the housing, the handles are fixedly connected.

117.    The handles of the Martino include a plastic hook-and-loop strap:





118.    The strap is pulled tight to frictionally engage the handles with the exterior of the housing.

119.    When frictionally engaged, the handles are maintained in a fixed relationship to the housing.

120.    When the strap is released, the handles are separated from the housing.

121. When the strap is engaged, the handles are fixed and thus preclude movement of the handles during the operation of the Martino product.

122. The handle of the Martino product is not "slidably connected" to the housing of the Martino.

123. The Martino product cannot meet each and every limitation of claim 14 of the '592 patent at least because the Martino product does not include "wherein the at least two handles are slidably connected to the housing" either literally or under the doctrine of equivalents.

124. Claim 15 of the '592 patent states:

> 15. A penis massager, comprising:
> a housing defining a space therein;
> a sleeve provided in the space of the housing and defining an interior volume for accommodating a penis therein;
> a driving device for driving the sleeve to generate motion relative to the housing; and
> at least two handles extending outwardly from an outer face of the housing for holding of the penis massager;
> **wherein the at least two handles are rotatably connected to the housing**.

125. When the handles of the GAME product are connected to the housing, the handles are fixedly connected.

126. The handle of the GAME includes two detents on either side of an inner ring, and the housing of the GAME includes two protrusions on either side of the housing:



127.    When connected, the detents fixedly engage the protrusions and thus preclude movement of the handle during the operation of the GAME product.

128.    When the detent and protrusions are not engaged, the handle is separate from the housing.

129.    The handle of the GAME product is not "rotatably connected" to the housing of the GAME.

130.    The GAME product cannot meet each and every limitation of claim 15 of the '592 patent at least because the GAME product does not include "wherein the at least two handles are rotatably connected to the housing" either literally or under the doctrine of equivalents.

131.    The GAME product cannot meet each and every limitation of any of claims 16-17, each of which depend, either directly or indirectly, on claim 15.

132.    When the handles of the Maiden product are connected to the housing, the handles are fixedly connected.

133.    The handles of the Maiden include a plastic hook-and-loop strap:



134. The strap is pulled tight to frictionally engage the handles with the exterior of the housing.

135. When frictionally engaged, the handles are maintained in a fixed relationship to the housing.

136. When the strap is released, the handles are separated from the housing.

137. When the strap is engaged, the handles are fixed and thus preclude movement of the handles during the operation of the Maiden product.

138. The handle of the Maiden product is not "rotatably connected" to the housing of the Maiden.

139. The Maiden product cannot meet each and every limitation of claim 15 of the '592 patent at least because the Maiden product does not include "wherein the at least two handles are rotatably connected to the housing" either literally or under the doctrine of equivalents.

140. The Maiden product cannot meet each and every limitation of any of claims 16-17, each of which depend, either directly or indirectly, on claim 15.

141. When the handles of the Martino product are connected to the housing, the handles are fixedly connected.

142. The handles of the Martino include a plastic hook-and-loop strap:





143. The strap is pulled tight to frictionally engage the handles with the exterior of the housing.

144. When frictionally engaged, the handles are maintained in a fixed relationship to the housing.

145. When the strap is released, the handles are separated from the housing.

146. When the strap is engaged, the handles are fixed and thus preclude movement of the handles during the operation of the Martino product.

147. The handle of the Martino product is not "rotatably connected" to the housing of the Martino.

148. The Martino product cannot meet each and every limitation of claim 15 of the '592 patent at least because the Martino product does not include "wherein the at least two handles are rotatably connected to the housing" either literally or under the doctrine of equivalents.

149. The Martino product cannot meet each and every limitation of any of claims 16-17, each of which depend, either directly or indirectly, on claim 15.

150. The clear and obvious lack of infringement of the Products at issue support the determination that Defendant had no reasonable basis to assert infringement of the '592 patent by any Product at issue in its complaints to Amazon.

151. The clear and obvious lack of infringement of the Products at issue support the determination that Defendant's assertion of infringement of the '592 patent by each Product at issue in its complaints to Amazon were done with malice and an intent to harm Plaintiffs' business.

152. The clear and obvious lack of infringement of the Products at issue support the determination that Defendant's assertion of infringement of the '592 patent by each Product at issue in its complaints to Amazon were an impermissible broadening of the scope of the '592 patent that had an anticompetitive effect.

153. None of the Products at issue include each and every limitation of any claim of the '592 patent literally or under the doctrine of equivalents.

154. Accordingly, none of the Products at issue could infringe the '592 patent.

155. An assertion that any of the Products at issue infringe any claim of the '592 patent is frivolous and egregious.

156. Defendant's complaints to Amazon that the Products at issue infringe the '592 patent are baseless and make this an exceptional case.

157. Plaintiff Parties are entitled to permanent injunctive relief at least to preclude Defendant from asserting to any other party that any of the Products at issue infringe the '592 patent, or from otherwise utilizing the '592 patent to induce any party to alter its business relationship with any Plaintiff, including but not limited to refusing to purchase, sell, advertise, import, or offer to sell any of the Products at issue.

158. Plaintiff Parties are entitled to attorneys' fees and costs incurred as a result of at least the conduct of Defendant set forth herein,

159. Plaintiff Parties are entitled to a declaration that none of the GAME, Maiden, or Martino products infringe any claim of the '592 patent.

160. Plaintiff Parties are entitled to an award of all other monetary and equitable relief that is within this Court's power to award.

## PRAYER FOR RELIEF

WHEREFORE, CEJ prays for judgment against Defendant as follows:

1) That Judgment be entered against Defendant finding that every claim of U.S. Patent No. 11,925,592 is not infringed by the GAME.

2) That Judgment be entered against Defendant finding that every claim of U.S. Patent No. 11,925,592 is not infringed by the Maiden.

3) That Judgment be entered against Defendant finding that every claim of U.S. Patent No. 11,925,592 is not infringed by the Martino.

4) A finding that this case is exceptional under 35 U.S.C. § 285.

5) Awarding CEJ its cost and reasonable attorneys' fees.

6) Awarding CEJ pre and post judgement interest on all monetary awards.

7) Enter an order enjoining Defendant or any other party working in conjunction with Defendant or that has knowledge of the injunction from asserting infringement of U.S. Patent No. 11,925,592 or otherwise using U.S. Patent No. 11,925,592 to interfere with CEJ's businesses.

8) Awarding CEJ any and all other relief that this Court deems just and proper.

Dated:  March 31, 2025                    */s/ Matthew De Preter*
                                          Matthew De Preter

                                          ARONBERG GOLDGEHN
                                          225 West Washington, Suite 2800
                                          Chicago, Illinois 60606
                                          312.828.9600
                                          cdepreter@agdglaw.com

                                          *Attorneys for Plaintiffs*